IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LAMOND SPRIGGS, SR., | * | |
| Plaintiff | * | |
| v | * | Civil Action No. ELH-18-3513 |
| BYRON LESTER NICHOLS, JR., | * | |
| Defendant | * | |

\*\*\*

## MEMORANDUM

On November 13, 2018, Plaintiff Lamond Spriggs, Sr., a state inmate, filed this civil rights lawsuit seeking unspecified compensatory damages (ECF 1), along with a Motion for Leave to Proceed In Forma Pauperis. ECF 2. Because plaintiff appears indigent, the motion shall be granted.

Plaintiff alleges that his former cellmate, Defendant Byron Lester Nichols, Jr., owed other inmates money and, in an effort to be moved off of the housing tier, fabricated a claim that plaintiff sexually assaulted him. ECF 1 at 3. Plaintiff alleges that because of the false accusation he has been harassed, beaten, and traumatized by other inmates. *Id.*

Plaintiff filed this Complaint in forma pauperis, pursuant to 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in this Court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. §1915(e)(2)(B)(i) and (ii). This Court is mindful, however, of its obligation to construe liberally the pleadings of a self-represented litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating such a Complaint, the factual allegations are assumed to be true. *Id.* at 93 (citing *Bell*

*Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented."). In making this determination, "[t]he district court need not look beyond the complaint's allegations . . . . It must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White*, 886 F. 2d 721, 722-723 (4th Cir. 1989).

The Complaint, even when afforded a liberal construction, fails to state a claim. At its core, a civil rights action under 42 U.S.C. § 1983 is directed to unlawful conduct under color of law. *See Owens v. Baltimore City State's Attorney Office*, 767 F.3d 379 (4th Cir. 2014). Section 1983 of 42 U.S.C. provides, in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any [State], subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). Essential to sustaining an action under § 1983 are the presence of two elements. Specifically, the plaintiff must demonstrate that: (1) he suffered a deprivation of "rights, privileges or immunities secured by the Constitution and laws" of the United States; and (2) the act or omission causing the deprivation was committed by a person acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988). The sole defendant, fellow inmate Byron Lester Nichols, Jr., is a private citizen, and there is no allegation or indication that

2

he was acting under color of law when he made the false claims against Plaintiff. As such, the Complaint must be dismissed.

A separate Order follows.

November 19, 2018
Date

/s/
Ellen L. Hollander
United States District Judge